Per Curiam.

The defendants in error brought án action of assumpsit in the court below against the plaintiffs in error, as the makers and endorsers of a promissory note. The process was executed upon all of the plaintiffs in error except Gorham P. Ayer, who as the sheriff returned was not to be found in the county. Carprew, one of the defendants below, appeared and filed the plea of the general issue. None of the others appeared, nor was there a default entered against them. The cause was submitted to a jury on the issue joined, who found a verdict for the plaintiffs, and upon which the court rendered a judgment against all the defendants, as well those who had not entered an appearance, as against Ayer on whom the process was not executed.
This was clearly erroneous. The court had no authority to render a judgment against Ayer, who was not served with process, and had entered no appearance. In this case the only issue submitted to the jury was that which was joined on the separate plea of Carprew, and the finding of that issue for the plaintiffs was surely no authority for the judgment which was rendered against the other defendants'' The plaintiffs should have entered a discontinuance as to Ayer, or taken out new procesg. This proposition is too plain to require a reference to authority to sustain it. It has been repeatedly decided in this court, and upon the fullest authority. See Pitman and Gwin v. The Planters’ Bank, 1 How. Rep. 530. 2 Ib. 786. 12 J. R. 434.
The judgment must be reversed and the cause remanded for further proceedings. ■